ROSE HEYMAN, as Trustee under the Last Will and
   Testament of MORRIS HEYMAN, Deceased, Plaintiff,
   *v.* MORTIMER OSTERWEIS, Defendant.

(Supreme Court, New York Special Term, October, 1920.)

Ejectment — jurisdiction of Supreme Court — Laws of 1920, chap.
   947, unconstitutional.

> The statute (Laws of 1920, chap. 947) which provides that
> an action in ejectment in certain localities and except under
> certain circumstances shall not be maintainable until November
> 1, 1922, is an attempt to deprive the Supreme Court of its
> constitutional jurisdiction.
>
> Said statute, if construed as applicable to leases for terms
> commencing prior to the time it became a law, is unconstitu-
> tional when read *in pari materia* with the other housing
> statutes.
>
> A motion by the plaintiff in an action of ejectment against
> a tenant whose term expired after said statute went into effect,
> for judgment upon the pleadings, will be granted.

ACTION in ejectment.

Henry K. Heyman, for plaintiff.

Louis W. Osterweis, for defendant.

HOTCHKISS, J.  Plaintiff sues in ejectment.  Defend-
ant demurs for failure to state a cause of action, and
plaintiff moves for judgment on the pleadings.
Defendant was plaintiff's tenant.  His term expired
September 30, 1920, but he holds over.  The motion
involves the application and validity of the Laws of
1920, chapter 947, which became a law September
twenty-seventh, and which provides that ejectment in
certain localities and except under certain circum-
stances shall not be " maintainable " until November
1, 1922.  It is of immense importance that the series
of so-called " housing " laws recently passed, and of

which the above is one, should be passed upon by the court of last resort as soon as possible. It is, therefore, important that the decision of this motion should be promptly made. But to do this and to express my views in a formal opinion is impossible. The gist of what are strong impressions rather than mature conclusions is as follows: (1) Laws of 1920, chapter 947, does not apply to leases for terms commencing prior to September 27, 1920. (2) It is an attempt to deprive this court of its constitutional jurisdiction. (3) If construed to so apply, the act, read *in pari materia* with the other housing acts, would be unconstitutional because, assuming that the leasing of tenements is a business charged with a public use, and as such subject to the exercise of the police power, the result of these acts is to force upon the landlord the continuance of such use and to deprive him of his right to " withdraw his grant by discontinuing the use." See *Munn* v. *Illinois*, 94 U. S. 113–126. While I put my decision on the foregoing ground, I may properly add that I have grave doubts as to the constitutionality of the act in question when considered in the light of the legislation of which it is a part, because (1) it deprives landlords, such as plaintiff, of all remedy for the repossession of their property; it is not based upon any proper application of the doctrine of eminent domain, and cannot otherwise be sustained as a valid exercise of the police power; and, (2) it is discriminatory because as between owners of old and new buildings, and as between owners who seek to regain possession of their property for their personal use and those who seek possession for other purposes, the act denies the equal protection of the laws. Motion granted, with ten dollars costs, with leave to answer, etc.

Motion granted, with costs.